IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>JASON ACHILLES MCANULTY,<br><br>　　　　　　　Defendant. | Case No. 3:20-cr-00090-JMK<br><br>**ORDER** |

　　　　Before the Court are three motions on civil forfeiture matters arising from Mr. McAnulty's criminal conviction.[1]  For the reasons discussed below, Defendant's Motion on *Forfeiture and Request for the Return of Certain Items Set Forth Below* at Docket 137 is **GRANTED IN PART** and **DENIED IN PART**; the Motion for Hearing by James McAnulty at Docket 173 is **DENIED**; and the Motion to Dismiss Petition of James McAnulty at Docket 181 is **GRANTED**.

　　　　At Docket 137 is Mr. McAnulty's Briefing as to *Forfeiture and Request for the Return of Certain Items Set Forth Below*.  Defendant requests the Government return $802.00 is U.S. Currency and eight digital devices, comprising seven cell phones and one

---

[1] *See* Docket 134.

laptop.[2] The Government filed a *Response in Opposition to Defendant's Motion for Return of Property* at Docket 146 conceding the currency, but argues retention of the devices is merited due to their evidentiary value and the specter of post-conviction litigation. With leave from the Court, a Defendant filed a *Reply Brief in Support of Defendant's Motion for Return of Property* at Docket 175, which asserts the Government has not established the evidentiary value of the devices.

Federal Rule of Criminal Procedure 41(g) permits a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Where a criminal proceeding has concluded and the property is no longer needed as evidence, the movant's right to their property is presumed.[3] The Government can rebut the presumption and bears the burden of proving "a legitimate reason to retain the property."[4]

As a preliminary matter, the parties agree that the $802.00 in U.S. Currency should be returned to Defendant. Thus, the remaining issue is whether the Government may retain the devices for their evidentiary value. Defendant stands convicted of two counts of Distribution of a Controlled Substance.[5] Defendant's judgment issued April 21, 2023, and a direct appeal remains pending.[6] With the pendency of a direct appeal before the Ninth Circuit, the possibility of a new trial exists for Defendant. For the Court to return

---

[2] Docket 137 at 2.
[3] *United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014).
[4] *Id.*; see also *United States v. Kaczynski*, 416 F.3d 971, 974 (9th Cir. 2005).
[5] Docket 134.
[6] Dockets 134, 139, 140.

devices that may have been used to facilitate drug distribution before the conclusion of appeal would be highly prejudicial to the Government. Currently, Defendant remains incarcerated where cell phones and laptops are prohibited. Evidentiary value remains; no prejudice to Defendant has been shown at this time. At present, the Government has met its burden to retain the property. However, the Government has not met any burden to retain beyond the direct appeal.

Accordingly, the *Forfeiture and Request for the Return of Certain Items* at Docket 137 is **GRANTED IN PART** and **DENIED IN PART**. The United States shall return the $802.00 is U.S. Currency as soon as practicable; the United States may retain the eight digital devices until the completion of post-judgment litigation. The Court may entertain another Rule 41(g) motion should circumstances arise.

As to the remaining motions, at Docket 174, the Court issued instructions to the Government and James McAnulty addressing James McAnulty's Motion for Hearing at Docket 173 and how to proceed in resolving the approximately $30,000.00 in U.S. Currency in dispute. The Government briefed the Court's questions on administrative forfeiture and jurisdiction at Docket 181 with a *Motion to Dismiss*. The Court granted James McAnulty, a self-represented claimant, 45 days to file a response in opposition or an amended petition.[7] No response, nor an amended petition has been filed.[8]

---

[7] Docket 182.
[8] *See docket generally*.

Accordingly, the Court adopts the Government's reasoning in whole at Docket 181. The Motion for Hearing by James McAnulty at Docket 173 is **DENIED**; and the Motion to Dismiss Petition of James McAnulty at Docket 181 is **GRANTED**.

## CONCLUSION

Defendant's Motion on *Forfeiture and Request for the Return of Certain Items Set Forth Below* is **GRANTED IN PART** and **DENIED IN PART** at Docket 137; the Motion for Hearing by James McAnulty at Docket 173 is **DENIED**; and the Motion to Dismiss Petition of James McAnulty at Docket 181 is **GRANTED**.

IT IS SO ORDERED this 5th day of July, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*United States v. McAnulty*  Case No. 3:20-cr-00090-JMK
Order  Page 4
Case 3:20-cr-00090-JMK-MMS   Document 183   Filed 07/05/24   Page 4 of 4